IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY J. KEE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| BLUE LINE DISTRIBUTING, INC., a foreign corporation, | : | |
| Defendant. | : | NO.: 1:07-cv-460 |

## MOTION TO DISMISS BY
## DEFENDANT BLUE LINE DISTRIBUTING, INC.

Defendant Blue Line Distributing, Inc. ("Blue Line"), by its counsel, respectfully moves to dismiss the Complaint filed by plaintiff Jeffrey J. Kee for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3). In support thereof, defendant Blue Line states the following:

1. This case involves a motor vehicle/tractor trailer accident between plaintiff and defendant Blue Line which occurred on January 25, 2007 near the City of Benton, County of Saline in the State of Arkansas. (Pl.'s Complaint, attached hereto as Exhibit "A," at ¶¶ 3 and 4).

2. Plaintiff, a resident of Delaware, sued defendant Blue Line, a Canadian Company with its corporate offices located in Milton, Ontario, Canada in the Superior Court of the State of Delaware in and for New Castle County. (*Id.* at ¶¶ 1 and 2).

3. On July 24, 2007, defendant Blue Line timely removed this action to this Court based on diversity of citizenship, 28 U.S.C. § 1332.

4. In his Complaint, plaintiff makes a general, conclusory allegation based solely on "information and belief" that defendant Blue Line "conducts business in Delaware." (*Id.* ¶ 2)

5. However, plaintiff's speculative allegation is internally inconsistent with the facts as alleged by plaintiff, specifically, that defendant Blue Line conducts business at 8175 Lawson Road, Milton, Ontario, Canada and not Delaware. (*Id.*).

6. Further, plaintiff's claims relate to events occurring in the State of Arkansas with no acts and/or omissions alleged to have in Delaware.

7. Accordingly, plaintiff's Complaint should be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

8. Alternatively, since a proper judicial district exists where plaintiff could and should have brought this action, in the interest of justice, the Court may transfer this action to the Western District of Arkansas pursuant to 28 U.S.C. § 1406.

WHEREFORE, defendant Blue Line Distributing, Inc. respectfully requests that the Court dismiss plaintiff's Complaint for lack of personal jurisdiction and/or improper venue.

/s/Marc Snyder
Marc Snyder, Esquire
ID No.: 3791
Rosen, Moss, Snyder & Bleefeld, LLP
1813 Marsh Road, Suite D
Wilmington, DE 19810
(302) 475-8060

OF COUNSEL:

Veronica W. Saltz, Esquire
Saltz Polisher P.C.
993 Old Eagle School Road, Ste. 412
Wayne, PA 19087

Attorneys for Defendant
Blue Line Distributing, Inc.

Dated: July 31, 2007

## CERTIFICATE OF SERVICE

I Marc Snyder, Esquire hereby certify that I caused a copy of the foregoing Motion to Dismiss by defendant Blue Line Distributing, Inc. to be served this 31st day of July 2007, by electronic filing, addressed as follows:

Gary S. Nitsche, Esquire
1300 North Grant Avenue, Suite 101
P.O. Box 2324
Wilmington, DE 19899


        /s/Marc Snyder
    Marc Snyder, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY J. KEE, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BLUE LINE DISTRIBUTING, INC., | : | |
| a foreign corporation, | : | |
| | : | |
| Defendant. | : | No.:  1:07-cv-460 |

### BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT BLUE LINE DISTRIBUTING, INC.

On the Brief:
Marc Snyder, Esquire
ID No.:  3791
Rosen, Moss, Snyder & Bleefeld, LLP
1813 Marsh Road, Suite D
Wilmington, DE  19810
(302) 475-8060

OF COUNSEL:
Veronica W. Saltz, Esquire
Saltz Polisher P.C.
993 Old Eagle School Road, Ste. 412
Wayne, PA 19087

Attorneys for Defendant
Blue Line Distributing, Inc.

Dated:  July 31, 2007

**TABLE OF CONTENTS**

I.     **PROCEDURAL HISTORY**……………………………………………………1

II.    **SUMMARY OF ARGUMENT** ……………………………………………..2

     A.     **Lack of Personal Jurisdiction**……………………………………….2

     B.     **Improper Venue**……………..……………………………………….2

III.   **CONCISE STATEMENT OF FACTS**………………………………………...2

IV.   **ARGUMENT**……………………………………………………………………2

     A.     **Personal Jurisdiction Does Not Exist Over Defendant Blue Line**…………………………………………..2

     B.     **Improper Venue**……………………………………………………..5

V.     **CONCLUSION**………………………………………………………………6

**TABLE OF AUTHORITIES**

**CASES**

*Ciriello v. U.S. Supreme Court,*
2003 U.S. Dist. LEXIS 14108*5 (D. DE Aug. 12, 2003)……………………………..5

*International Shoe v. Washington,*
 326 U.S 310 (1945)……………………………………………………..………….3

*Helicopteros Nacionales de Columbia, S.A. v. Hall,*
466 U.S. 408 (1984)………………………………………………………………3

*Reach & Assoc., P.C. v. Dencer,*
269 F. Supp. 2d 497, 502 (D. Del. 2003)……………………………………..……...3

**RULES**

F.R.C.P. 12(b)(2)……………………………………………………………………….1, 5

F.R.C.P. 12(b)(3)……………………………………………………………………….1, 6

**STATUTES**

28 U.S.C. § 1332………………………………………………………………………….1

28 U.S.C. §1391(a)……………………………………………………………………..2, 5

28 U.S.C.§1406(a)……………………………………………………………..…......6

10 Del. C. §3104(c)….……………………………………………………………………4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY J. KEE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| BLUE LINE DISTRIBUTING, INC., a foreign corporation, | : | |
| Defendant. | : | NO.: 1:07-cv-460 |

**BRIEF IN SUPPORT OF MOTION TO DISMISS BY
DEFENDANT BLUE LINE DISTRIBUTING, INC.**

Defendant Blue Line Distributing, Inc. ("Blue Line") submits its brief in support of its Motion to Dismiss plaintiff Jeffrey J. Kee's Complaint for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3).

**I.    PROCEDURAL HISTORY**

This case involves a motor vehicle/tractor trailer accident between plaintiff and defendant Blue Line which occurred on January 25, 2007 near the City of Benton, County of Saline in the State of Arkansas. On June 4, 2007, plaintiff filed a Complaint against defendant Blue Line in the Superior Court of the State of Delaware in and for New Castle County. Defendant Blue Line timely removed the action to this Court on July 24, 2007 based on diversity of citizenship, 28 U.S.C. § 1332, in that plaintiff is a resident of the State of Delaware and defendant Blue Line is a Canadian company located in Milton, Ontario, Canada conducting business at 8175 Lawson Road, Milton, Ontario, Canada.

In response to plaintiff's Complaint, defendant Blue Line now moves, pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3) for lack of personal jurisdiction and improper venue.

II.  **SUMMARY OF ARGUMENT**

    A.  **Lack of Personal Jurisdiction**

        1.  In accepting as true all allegations of jurisdictional fact made by plaintiff and resolving all factual disputes in plaintiff's favor, plaintiff cannot establish with reasonable particularity that sufficient minimum contacts have occurred between the defendant Blue Line and the State of Delaware to support jurisdiction particularly since plaintiff admits that defendant conducts its business in Milton, Ontario, Canada.

    B.  **Improper Venue**

        2.  Venue is improper pursuant to 28 U.S.C. § 1391(a) because plaintiff admits that all of his claims relate to events occurring in Arkansas, the site of the motor vehicle/tractor trailer accident which forms the basis of plaintiff's cause of action.

III.  **CONCISE STATEMENT OF FACTS**

    Plaintiff is a resident of the State of Delaware. Defendant Blue Line is a Canadian company which conducts business at 8175 Lawson Road, Milton, Ontario, Canada. On January 25, 2007, on Interstate 30 in the State of Arkansas near the City of Benton in the County of Saline, plaintiff and defendant Blue Line's employee, Milivoj Strbac, deceased, were involved in a motor vehicle/tractor trailer accident. As a result of the accident, plaintiff claims to have sustained personal injuries. None of the events giving rise to plaintiff's claims occurred in the State of Delaware.

IV.  **ARGUMENT**

    A.  **Personal Jurisdiction Does Not Exist Over Defendant Blue Line**

    In his Complaint, plaintiff makes no allegations whatsoever that defendant Blue

Line either resides and/or conducts business in Delaware. As evidenced by the factual allegations in the Complaint, defendant Blue Line is a Canadian company. Because Blue Line is a nonresident, plaintiff bears the burden in establishing jurisdiction over this defendant, a burden plaintiff cannot meet since plaintiff himself admits that Blue Line conducts business at 8175 Lawson Road, Milton, Ontario, Canada.

To establish personal jurisdiction, two requirements must be satisfied – one statutory and one constitutional. *See Reach & Assocs., P.C. v. Dencer,* 269 F. Supp. 2d 497, 502 (D. Del. 2003). In considering the statutory requirement, the Court must determine whether there is a statutory basis for jurisdiction under the forum state's long arm statute. *Id.*

As it concerns the constitutional basis, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court is required to determine if an exercise of jurisdiction would violate the nonresident defendant's constitutional rights to due process. *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). Once a jurisdictional defense has been raised, plaintiff bears the burden of establishing either specific jurisdiction or general jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408 (1984). In establishing specific jurisdiction, plaintiff must show that the particular cause of action arose from the defendant's activities within the forum state. (*Id.*) General jurisdiction arises when the defendant has continuous and systematic contacts with the state regardless of whether the defendant's connections are related to the cause of action alleged. (*Id.*). Based on the allegations of plaintiff's Complaint, plaintiff cannot meet his burden of showing the existence of personal jurisdiction over defendant Blue Line.

The exercise of personal jurisdiction under the State of Delaware's long arm statute is permitted over a nonresident who:

> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply service or things in this State;
>
> (3) Causes tortrious injury in the State by an act or omission in this State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
>
> (5) Has an interest in, uses or possesses real property in the State; or
>
> (6) Contracts to insure or act as a surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 Del. C. § 3104(c).

In reviewing plaintiff's Complaint, plaintiff asserts absolutely no allegations of any activity that is specific to Delaware. Instead, plaintiff offers a single general and conclusory allegation, based solely on his belief, that defendant Blue Line conducts business in Delaware, an allegation which is internally inconsistent with the other factually based allegations of the Complaint. Specifically, plaintiff alleges that "Defendant Blue Line Distribution, Inc., is a foreign corporation and conducts business at 8175 Lawson Road, Milton, Ontario, Canada M8W 4A3." Plaintiff has asserted no allegations that would permit this Court to conclude that personal jurisdiction exists over defendant Blue Line under the Delaware long arm statute.

Under the specific facts of this case, any exercise of personal jurisdiction would violate federal due process requirements since plaintiff has made no allegations to support either specific or general jurisdiction. Because plaintiff admits that his cause of action arose from activity in Arkansas, no specific jurisdiction exists. Likewise, general jurisdiction is too lacking because the Complaint contains no allegations that defendant Blue Line has continuous and systematic contacts with the State of Delaware.

Plaintiff's inability to establish personal jurisdiction over defendant Blue Line warrants dismissal of his Complaint under Federal Rule of Civil Procedure 12(b)(2).

**B.     Improper Venue**

Venue is governed by 28 U.S.C. 1391(a) which provides in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1)     a judicial district where any defendant resides, if all defendants reside in     the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(a). The burden is again on plaintiff to establish that venue is proper pursuant to the requirements of 1391(a). *Ciriello v. U.S. Supreme Court,* 2003 U.S. Dist. LEXIS 14108 *5 (D. DE Aug. 12, 2003). Based on the allegations of plaintiff's Complaint, there can be no dispute that venue is improper since defendant Blue Line does not reside in Delaware and the events giving rise to plaintiff's claims all occurred in the State of Arkansas. Moreover, this action could and should have been properly been commenced in the Western District of Arkansas. Pursuant to Federal

5

Rule of Civil Procedure 12(b)(3), the Court may dismiss this action for improper venue.

Alternatively, in the interest of justice, the Court may transfer this action to any district in which it could have been brought pursuant to 28 U.S.C. § 1406(a) which in this case is the Western District of Arkansas.

## V.     CONCLUSION

Plaintiff's Complaint should be dismissed for lack of personal jurisdiction and/or improper venue. Alternatively, since the Western District of Arkansas is a judicial district where this action could have been brought, transfer of this action is permitted by statute and in the Court's discretion.

Wherefore, defendant Blue Line Distributing, Inc. respectfully requests that the Court grant its Motion and dismiss plaintiff's Complaint.

      /s/Marc Snyder
Marc Snyder, Esquire
ID No.: 3791
Rosen, Moss, Snyder & Bleefeld, LLP
1813 Marsh Road, Suite D
Wilmington, DE 19810
(302) 475-8060

OF COUNSEL:

Veronica W. Saltz, Esquire
Saltz Polisher P.C.
993 Old Eagle School Road, Ste. 412
Wayne, PA 19087

Attorneys for Defendant
Blue Line Distributing, Inc.

Dated: July 31, 2007

6

**CERTIFICATE OF SERVICE**

I Marc Snyder, Esquire hereby certify that I caused a copy of the foregoing Motion to Dismiss by defendant Blue Line Distributing, Inc. to be served this 31st day of July 2007, by electronic filing, addressed as follows:

Gary S. Nitsche, Esquire
1300 North Grant Avenue, Suite 101
P.O. Box 2324
Wilmington, DE 19899

                                                /s/Marc Snyder
                                                Marc Snyder, Esquire

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY J. KEE, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BLUE LINE DISTRIBUTING, INC., | : | |
| a foreign corporation, | : | |
| | : | |
| Defendant. | : | No.: 1:07-cv-460 |

### ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Defendant Blue Line Distributing, Inc.'s Motion to Dismiss and plaintiff's Response thereto,

IT IS HEREBY ORDERED that defendant Blue Line Distributing, Inc.'s Motion is GRANTED. Plaintiff's Complaint is dismissed.

                                                                                                                        J.

EFiled: Jun 4 2007 1:47PM EDT
Transaction ID 15091448
Case No. 07C-06-055 MMJ

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| JEFFREY J. KEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C. A. No. 07C-06-055-MMJ ) |
| BLUE LINE DISTRIBUTING, INC., a foreign corporation, | ) NON-ARBITRATION CASE ) ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

1. The Plaintiff, Jeffrey J. Kee, is a resident of the State of Delaware and resides at 409 Greenhill Avenue, Apt. 1, Wilmington, Delaware 19805.

2. The Defendant Blue Line Distribution, Inc., is a foreign corporation and conducts business at 8175 Lawson Road, Milton, Ontario, Canada M8W 4A3. Upon information and belief, the Defendant conducts business in Delaware and in accordance with 10 Del.C. 3104 service can be made by serving their registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. On or about January 25, 2007, the Plaintiff was at all times herein relevant exercising due care and was stopped on the shoulder of the roadway with his emergency lights activated near the City of Benton, County of Saline, State of Arkansas.

4. At or about the same time and place the decedent, Milivoj Strbac, who was acting in the course and scope of his employment as the agent and/or employee of Blue Line Distributing, Inc., and was proceeding on Interstate 30, near the City of Benton, County of Saline, State of Arkansas, and caused the vehicle he was operating

EXHIBIT "A"

to leave the roadway and thereafter caused his vehicle to strike Plaintiff's vehicle with force and violence.

    5. The tortfeasor was negligent in that he:

    (a) Failed to maintain a proper lookout;

    (b) Failed to maintain proper control over his vehicle;

    (c) Operated his motor vehicle in a careless manner in violation of 21 Del.C. §4176(a);

    (d) Operated his motor vehicle in an imprudent manner in violation of 21 Del.C. §4176(a);

    (e) Operated his vehicle without due regard for road and traffic conditions then existing in violation of 21 Del.C. §4176(a);

    (f) Failed to maintain a proper lookout in violation of 21 Del.C. §4176(b);

    (g) Failed to give his full time and attention to the operation of his motor vehicle in violation of 21 Del.C. §4176(b);

    (h) Failed to control the speed of his motor vehicle as was necessary to avoid colliding with another vehicle on the highway in violation of 21 Del.C. §4168;

    (i) Drove on the shoulder of the road.

    6. Each of the aforementioned acts of negligence of the tortfeasor is attributable to the Defendant by reason of the doctrine of respondeat superior.

    7. Each of the aforementioned acts of negligence of the Defendant constitutes the proximate cause of the collision and injuries and damages resulting to the Plaintiff.

8. As a proximate result of the aforesaid negligence of the Defendant, the Plaintiff has suffered the following injuries and damages:

    (a) Personal injuries all of which may be permanent;

    (b) Pain and suffering;

    (c) Medical expenses not covered by 21 Del. C. §2118, plus future medical expenses.

    (d) Lost wages not covered by 21 Del.C. §2118, plus future lost wages and loss of earning capacity.

WHEREFORE, Plaintiff demands judgment against the Defendant for personal injuries, pain and suffering, past and future medical expenses, past and future lost wages, interest pursuant to 6 Del. C.§2301(d), and court costs.

                      WEIK, NITSCHE, DOUGHERTY & COMPONOVO

BY:   /S/ GARY S. NITSCHE   I.D. No. 2617
        GARY S. NITSCHE
        1300 N. Grant Avenue, Suite 101
        P.O. Box 2324
        Wilmington, DE 19899
        Attorney for Plaintiff