IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY J. KEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 1:07-cv-460 |
| | ) |
| BLUE LINE DISTRIBUTING, INC., | ) NON-ARBITRATION CASE |
| a foreign corporation, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, by and through his undersigned attorney, hereby requests that this Court deny Defendant's Motion to Dismiss and/or transfer to the Western District of Arkansas. In support thereof, Plaintiff states as follows:

1. On January 25, 2007, Plaintiff, a Delaware resident, was injured in a motor vehicle accident with a vehicle driven by an employee of Defendant, a Canadian company. The accident happened in the State of Arkansas.

2. Defendant seeks to have this matter dismissed for lack of personal jurisdiction and because of improper venue. Alternatively, Defendant seeks to have this matter moved to the Western District of Arkansas. Plaintiff asserts that this matter is properly before the District Court for the District of Delaware and that Defendant's Motion should be denied.

3. Defendant argues that personal jurisdiction does not exist over Defendant because Defendant is a Canadian company in that Plaintiff has asserted that Defendant conducts business in Ontario, Canada. However, Defendant is an over the road trucking company, conducting business throughout the United States. As

such, there is no violation of Defendant's constitutional rights. Plaintiff asserts that [handwritten: by having it defend itself in Delaware.] as an over the road trucking company, Defendant transacts business or performs work in the State of Delaware and, as such, jurisdiction is appropriate in Delaware. Simply alleging that Defendant is a foreign corporation who conducts business out of Canada does not mean that jurisdiction is not proper in Delaware, it simply means that the company in question is headquartered in Canada. Many companies are headquartered in one location yet carry on business in a variety of locations or throughout the entire United States. Such is true in the instant matter.

4. As to venue, Plaintiff assert that 28 U.S.C. § 1391(a) is applicable in that under subpart 3 to the cited rule, Defendant is subject to personal jurisdiction in the District of Delaware, and was at the time the action in question occurred, and as such the action should remain in Delaware. Simply because the accident in question occurred in Arkansas does not necessarily make Arkansas the proper venue. When analyzing the totality of the circumstances, and in the interests of justice, litigating the instant case in Delaware makes sense and should remain the venue of choice

5. For instance, assuming this case gets to trial, the Plaintiff is a Delaware resident and for the convenience of Plaintiff, he should be able to litigate his case in Delaware. Since Defendant is an international company conducting business throughout the United States, it does not matter in which jurisdiction Defendant has to defend itself. There isn't any reason why the Defendant can't defend itself in Delaware as opposed to Arkansas. Further, all of the Plaintiff's doctors are located in Delaware. Again, it is more convenient and a better use of this Court's resources to allow Plaintiff's doctors to testify here in Delaware on behalf of their client, the

Plaintiff in the instant case. The only connection Arkansas has to this litigation is where the accident occurred. There is no reason why if there are nuances of Arkansas law which need to be applied that a Delaware judge could not apply them. It makes more sense for a Delaware court to hear a case involving one of its citizens than it does for an Arkansas court and jury to preside over a matter in which the only contact with Arkansas is the fact that the accident occurred there.

6. For all of the reasons stated above, Plaintiff requests that this Court deny Defendant's Motion to Dismiss and in the alternative deny Defendant's request that this matter be transferred to Arkansas.

                        WEIK, NITSCHE, DOUGHERTY & COMPONOVO

                        BY: /S/ GARY S. NITSCHE    I.D. No. 2617
                              GARY S. NITSCHE
                              1300 N. Grant Avenue, Suite 101
                              P.O. Box 2324
                              Wilmington, DE  19899
                              Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY J. KEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 1:07-cv-460 |
| | ) |
| BLUE LINE DISTRIBUTING, INC., | ) NON-ARBITRATION CASE |
| a foreign corporation, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## ORDER

Upon consideration of defendant's Motion to Dismiss, it is hereby Ordered this _____ day of _____, 2007, that defendant's Motion is **DENIED**.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY J. KEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 1:07-cv-460 |
| | ) |
| BLUE LINE DISTRIBUTING, INC., | ) NON-ARBITRATION CASE |
| a foreign corporation, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

I, Gary S. Nitsche, Esquire, hereby certify that on August ____, 2007, I have had delivered, via U.S. Mail, two true and correct copies of *Plaintiff's Response to Defendant's Motion to Dismiss* to the following person(s):

Marc Snyder, Esquire
Rosen, Moss, Snyder & Bleefeld, LLP
1813 Marsh Road, Suite D
Wilmington, DE 19810

WEIK, NITSCHE, DOUGHERTY & COMPONOVO

BY: /S/ GARY S. NITSCHE    I.D. No. 2617
GARY S. NITSCHE
1300 N. Grant Avenue, Suite 101
P.O. Box 2324
Wilmington, DE 19899
Attorney for Plaintiff