IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JEFFREY J. KEE.                          :
                                         :
          Plaintiff,                     :
                                         :
     v.                                  : Civil Action No. 07-460-JJF
                                         :
BLUE LINE DISTRIBUTING, INC.             :
                                         :
          Defendant.                     :

---

Gary S. Nitsche, Esquire of WEIK, NITSCHE, DOUGHERTY & COMPONOVO,
LLP, Wilmington, Delaware.

Attorney for Plaintiff.

Veronica W. Saltz, Esquire of SALTZ POLISHER, P.C., Wayne,
Pennsylvania.
Marc Snyder, Esq. Of ROSEN, MOSS, SNYDER & BLEEFELD, LLP,
Wilmington, Delaware.

Attorneys for Defendant.

---

## MEMORANDUM OPINION

April 18, 2008
Wilmington, Delaware

Joseph J Farnan Jr.

**Farnan, District Judge.**

Pending before the Court is Defendant's Motion To Dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer (D.I. 3). For the reasons discussed, the Court will grant Defendant's Motion.

## I. BACKGROUND

Plaintiff Jeffrey J. Kee is a resident of the State of Delaware. Defendant Blue Line Distributing, Inc. ("Blue Line") is a foreign company with its corporate offices in Ontario, Canada. (D.I. 1, Exhibit A at ¶¶ 1 and 2). By his Complaint, Kee contends that on January 25, 2007, he activated his emergency lights and stopped on the shoulder of the road in the County of Saline, in the State of Arkansas. (Id. at ¶ 3). Kee contends that decedent Milijov Strbac, a Blue Line employee, while acting within the course and scope of his employment as a driver for Blue Line, negligently caused his truck to collide with Kee's vehicle. (Id. at ¶ 4). Kee contends that as a result of the collision, he has suffered personal injuries, pain and suffering, medical expenses and lost wages. (Id. at ¶ 8).

On June 4, 2007, Kee filed this lawsuit against Blue Line in the Superior Court of Delaware, contending that Mr. Strbac's actions were attributable to Blue Line under the theory of respondeat superior. On July 24, 2007, Blue Line filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1441 based on

2

diversity of citizenship. This Court has subject matter jurisdiction over the lawsuit under 28 U.S.C. § 1332 because it is a civil lawsuit between citizens of different countries and the matter in controversy exceeds the sum value of $75,000. (D.I. 1.)

On July 31, 2007, Blue Line filed the instant Motion to Dismiss for lack of personal jurisdiction and improper venue, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1406(a). (D.I. 3).

## II. LEGAL STANDARD

### A. Personal Jurisdiction

To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must consider two requirements, one statutory and one constitutional. The court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state. Fed.R.Civ.P. (4)(e). Therefore, the Court must first determine whether Delaware's long-arm statute authorizes personal jurisdiction. See 10 Del. C. § 3104. Because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must next determine if the exercise of jurisdiction violates Blue Line's right to due process. Int'l Shoe Co. v. Washington, 326 U.S. 310

(1945).

Once a jurisdictional defense is raised, the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction. Provident Nat'l Bank v. California Federal Savings & Loan Assoc., 819 F.2d 434, 437 (3d. Cir. 1987). The plaintiff can satisfy this burden by establishing either specific or general jurisdiction. Specific jurisdiction exists when the particular cause of action arises from the defendant's activities within the forum state. General jurisdiction arises when the defendant has systematic and continuous contacts with the state, regardless of whether the defendant's activities are related to the particular cause of action. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984).

Specific jurisdiction is not an issue in this lawsuit because the conduct giving rise to the relevant cause of action took place outside the State of Delaware. Therefore, the Court will consider the facts only under a general jurisdiction analysis. Kee contends that jurisdiction in Delaware is proper because Blue Line, as an over the road trucking company, transacts business or performs work in Delaware. (D.I. 5). Kee also contends that litigating in Delaware would not violate Blue Line's constitutional rights, as Blue Line conducts business

4

throughout the United States. (<u>Id</u>.)

## III. DISCUSSION

### A. Delaware Long-Arm Statute

Delaware's long-arm statute provides, in relevant part:

(c): As to a cause of action brought by any person
arising from any of the acts enumerated in
this section, a court may exercise personal
jurisdiction over any nonresident, or a
personal representative, who in person or
through an agent:

. . .

(4) Causes tortious injury in the State
or outside of the State by an act or
omission outside the State if the person
regularly does or solicits business,
engages in any other persistent course
of conduct in the State or derives
substantial revenue from services, or
things used or consumed in the State.[1]

This subsection provides for general jurisdiction in tort cases

and requires only that the defendant is "generally present" in

the state. See Applied Biosystems, Inc. v. Cruachem, Ltd., 772

F. Supp. 1458, 1469 (D. Del. 1991). This "general presence"

requirement is satisfied when a defendant has engaged in

"substantial and continuous activity" in Delaware. See

HMG/Courtland Properties, Inc. v. Gray, 729 A.2d 300, 310 (Del.

Ch. 1999). "While seemingly broad, the standard for general

jurisdiction is high in practice and not often met." Reach &

---

[1] Delaware's courts have held that section 3104(c)(4) is the
general jurisdiction section of the Long-Arm statute. See
Outokumpo Engineering Enterprises, Inc. v. Kvaerner EnviroPower,
Inc., 685 A.2d 724, 727 (Del.Super. 1996).

5

Associates, P.C. v. Dencer, 269 F. Supp. 2d 497, 505 (D. Del. 2003).

Accepting the allegations contained in Kee's complaint as true for the purposes of this motion, Blue Line caused a tortious injury outside of the State of Delaware and thus satisfies one part of section 3104(c)(4).[2]  However, the Court concludes that Kee does not set forth facts sufficient to demonstrate that Blue Line satisfies the remaining requirements of this section, that Blue Line "regularly does or solicits business", "engages in any other persistent course of conduct", or "derives substantial revenue" from Delaware. See 10 Del. C. § 3104(c)(4).

Kee does not allege any Blue Line activity that is specific to Delaware, but simply concludes that Blue Line transacts business or performs work in Delaware because Blue Line is an "over the road trucking company, conducting business throughout the United States." (D.I. 5).  The claim that BlueLine does business in Delaware is not supported by allegations of facts sufficient to meet the requirements of Delaware's statute.

However, even if Kee had set forth facts demonstrating that Blue Line employees had driven through Delaware with regularity,

_____

[2] Delaware courts have applied Section 3104(c)to cases in which plaintiff claims injuries resulting from automobile accident caused by defendant. See, e.g., Finkbiner v. Mullins, 532 A.2d 609 (Del. Super. Ct. 1987)(applying Section 3104(c)(4)); Kent County, State of Maryland v. Shepherd, 713 A.2d 290 (Del. 1998)(applying Section 3104(c)(3)).

more is required to meet the high standard required under subsection (c)(4) of "persistent course of conduct." Driving through Delaware on one occasion would not support a finding of personal jurisdiction as such a reading of personal jurisdiction would subject every driver traveling on another state's highways to that state's jurisdiction, regardless of where the cause of action arose. See Amos by Amos v. Pendry, 810 F. Supp. 146, 149 (M. D. Pa. 1992). Absent any other contact with the forum state, "the mere act alone of driving along [an] interstate" is insufficient to establish personal jurisdiction. See Decker v. Dyson, 2006 WL 139199, *953 (3d Cir. 2006)(affirming district court's decision to dismiss action for lack of personal jurisdiction when plaintiff could not establish defendant's contact with forum state other than his drive through it at time of relevant accident).

Nor does driving through Delaware on a regular basis satisfy any of the "jurisdictional thresholds" of Delaware's long-arm statute. See McKamey v. Vander Houten, 744 A.2d 529, 534 (Del. Super. Ct. 1999). In McKamey, the defendant driver was driving a truck for a Florida entity whose business was to haul cars to Florida from either New England or New York/New Jersey. The company's only connection to Delaware occurred when its drivers passed through Delaware on Interstate 95 or U.S. 13. Id. The Court found such contact was insufficient to trigger Delaware's

7

long-arm statute.  Id.

In sum, the Court concludes that Kee has not alleged any
facts to establish that Blue Line has had "substantial and
continuous" activity, HGM/Courtland Properties, Inc., 729 A.2d at
310, in Delaware so as to allow for the exercise of general
jurisdiction under Section 3104.  Having determined that
jurisdiction is lacking under Delaware's long-arm statute, the
Court will not discuss the constitutional prong of the personal
jurisdiction analysis.

Accordingly, Blue Line's Motion to Dismiss for lack of
personal jurisdiction (D.I. 3) will be granted.

## IV. CONCLUSION

For reasons set forth above, the Court will grant Blue
Line's Motion to Dismiss (D.I. 3).

An appropriate Order will be entered.